

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| FRANK DRAPELA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:08-CV-44-TH |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | |

# ORDER ON SUMMARY JUDGMENT

Before the Court is *The United States' First Motion for Summary Judgment Incorporating its Memorandum of Law* [Clerk's Docket No. 19], filed October 1, 2008. Based on the arguments of the parties, the evidence adduced in pleadings, and the applicable law, the Court will DENY summary judgment.

## BACKGROUND

Mr. Drapela has brought suit against the United States for injuries allegedly sustained as a bosun on the M/V Cape Victory, a government-owned vessel assigned to the Ready Reserve Fleet. He alleges that the injuries he sustained while loosening D-rings on the deck of the ship were a proximate cause of the negligence of the government and the unseaworthy condition of the ship.

The government contends that summary judgment is appropriate on both allegations, and, further, that the act of installing the D-rings was a discretionary function under the Federal Tort Claims Act, and that therefore, sovereign immunity applies.

## STANDARD

Summary judgment is proper when, after viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Jenkins v. Cleco Power,* LLC, 487 F.3d 309, 313 (5th Cir.

2007); FED. R. CIV. P. 56(c). If the moving party establishes the absence of any genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Conclusory allegations, unsubstantiated assertions, and mere scintillas of evidence do not satisfy this burden. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)(per curium). Summary judgment is proper where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact. *Washington v. Armstrong World Industries*, 839 F.2d 1121, 1122 (5th Cir. 1988).

Fed. R. Civ. P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. But the court is not obligated to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996). All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, only *reasonable* inferences in favor of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.,* 504 U.S. 451 (1992).

## DISCUSSION

There are undoubtedly material fact issues relating to the negligence and unseaworthiness claims. Mr. Drapela has presented evidence that the assignment to loosen the D-rings with a sledge-hammer was unusual, should have been performed by a shore crew, and that the injury was foreseeable. He also presented evidence that the tool given to him to perform the task was unfit to the task, and that the D-rings themselves were not fit for their intended operation or maintenance. Summary judgment as to the negligence and unseaworthiness claims is therefore inappropriate.

The sovereign immunity claim presents a more difficult question. The parties agree that the decision to install the D-rings was made by a contractor, not a government employee. The government, however, argues that the acts of the port engineer in this case should be treated in the same manner as those of a government employee.

The cases relied upon by the government do not mandate that result. *Baldassaro* does not address the issue of a government employee or independent contractor exercising discretion; the allegedly defective bed-rails in that case were approved by a government agency. *Baldassaro v. United States*, 64 F.3d 206, 210 (5th Cir. 1995). The act itself excludes contractors, 28 U.S.C. § 2671, and the distinction between the two under the FTCA is the same as at common law: a fact intensive inquiry into, *inter alia*, the degree of control exercised over the alleged contractor. *B&A*

*Marine Co., Inc. v. American Foreign Shipping Co., Inc.*, 23 F.3d 709, 713-714 (2nd Cir. 1994); *Dearborn v. Mar Ship Operations, Inc.*, 113 F.3d 995, 997 (9th Cir. 1997). At any rate, material fact questions remain as to what capacity the port engineer in this case was acting in, before it can be determined whether the discretionary function exception to the FTCA applies. Summary judgment is therefore inappropriate on this ground as well.

**IT IS THEREFORE ORDERED** that *The United States' First Motion for Summary Judgment Incorporating its Memorandum of Law* [Clerk's Docket No. 19] is in all things **DENIED.**

**SO ORDERED.**

**SIGNED** this the **29** day of **January, 2009.**

_____
Thad Heartfield
United States District Judge